| iPLOTKIN, Judge,
dissenting with written reasons:
I disagree with the majority’s dismissal of this appeal based on the untimeliness of the appellate process.
The pertinent history of this case is as follows: Mark L. Magee filed his qualification form as a candidate for Plaquemines Parish Council Member, District 4, on Friday, August 21, 1998. The form specified Mr. Magee’s domicile address as 719 Walker Road in Belle Chasse, Louisiana; the form also included a post office box.
On Thursday, August 27, 1998, Michael A. Mudge and Robert L. Norred filed the instant suit challenging Mr. Magee’s qualifications for candidacy. For reasons which are unclear in the record, the petition included instructions to serve Mr. Magee at an address in Jefferson Parish — 162 Adee Lane, Gretna, Louisiana. That action by the challengers set in motion a series of events which virtually guaranteed that Mr. Magee would have no personal knowledge of the legal proceedings against him. In effect, because of Mr. Magee’s absence, the court rendered a default judgment of disqualification. In my view, those actions violated Mr. Magee’s right to procedural due process, which require notice and a fair hearing. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).
Because no service was even attempted at Mr. Magee’s stated domicile, determination of whether he actually resided at the address is purely speculative. The evidence indicating residence includes the presence of a trailer on the lot, the fact that Mr. Magee was a registered voter in the parish, the fact that an existing ^homestead exception was in effect for the 719 Walker Road address, and the fact of obvious activity at the location. Mr. Magee did not have an opportunity to present any evidence on the domicile issue; the evidence submitted was simply insufficient for the trial court to determine whether the trailer located at the address he provided was his residence.
Moreover, the majority’s application of LSA-R.S. 18:1413 in an overly technical manner is inappropriate in the face of both the existence of an emergency situation in the parish of Mr. Magee’s residence and the fact that Mr. Magee was denied procedural due process. Ordinarily, under the provisions of La. C.C.P. art. 5059, relative to computation of time, when the last day of a time period falls on a legal holiday, the time period is considered to run until “the end of the next day which is not a legal holiday.” The legislature has seen fit to adopt a special provision concerning expiration of appeal delays in cases involving election suits when the 24-hour period falls on a legal holiday; in that case, under the provisions of LSA-R.S. 18:1413, the 24-hour period is extended to noon of the next legal day following the legal holiday. The fact that the statute uses the word “extended” is a recognition of the fact that a party appealing a decision in an election case, which is subject to dramatically shortened time limitation, actually has an extra period of time to prepare his documents.
*536 In the instant case, the majority’s strict application of LSA-R.S. 18:1413 actually results in a shortening of the appeal delay. The fact is that lawyers sometimes work on weekends and legal holidays, especially if they are faced with an accelerated time deadline like that arising from a decision in an election suit. Although I agree that Tuesday, September 1, and Wednesday, September 2, should be considered legal holidays in southern Louisiana because of the threat caused by Tropical Storm Earl, those days were in reality quite different from the average weekend or legal holiday. In fact, people in Plaquemines Parish, where this 1 selection suit was decided, were faced with an emergency situation, which occupied all their time and attention. No one was working in Plaquemines Parish on those two days, as they might have been on the average weekend or legal holiday. Business did not resume as usual until the morning of Wednesday, September 3. At that point, in order to Mr. Magee to have the benefit of even the extremely short, 24-hour appeal delay established by LSA-R.S. 18:1409, he must be considered to have until 1:10 p.m. to file his appeal. He met that time limitation, and in fact filed his appeal 20 minutes early, at 12:50 p.m.
Although we have no other way of describing the two “hurricane days” which completely suspended all business activities in southern Louisiana than to call them “legal holidays,” this court should recognize the special circumstances surrounding this case. The majority’s overly technical interpretation of LSA-R.S. 18:1413 to this case actually results in a “shortening,” rather than an “extension” of the time period granted appellants from election decisions by LSA-R.S. 18:1409. That could not have been the legislature’s intent. The two “hurricane days” should be considered to have completely suspended the appeal delay from the morning of Tuesday, September 1, to the morning of Thursday, September 3, so that the expiration of the 24-hour appeal delay was 1:10 Thursday afternoon.